<span style="color:red">**FILED**
**May 07, 2018**
**02:28 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**</span>



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **Keith Quarles,** | ) | **Docket No.: 2017-08-1170** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FedEx Ground,** | ) | **State File Number: 39797-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **Self-Insured,** | ) | **Judge Deana Seymour** |
| **Insurance Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

Mr. Quarles requested medical and temporary disability benefits for injuries to his right ankle, left knee, and right shoulder. FedEx Ground (FedEx) contended the injuries were not work-related. This Court heard the contested issues at an Expedited Hearing on April 13, 2018, and holds Mr. Quarles failed to establish he would likely prevail at a hearing on the merits regarding entitlement to medical and temporary disability benefits. Thus, the Court denies his request.

### History of Claim

Mr. Quarles worked as a package handler for FedEx since February 2015. He claimed he injured his right shoulder, right ankle, and left knee by repetitively unloading trucks and scanning boxes at work.[1] Mr. Quarles did not know the cause of his symptoms at first, so he went to Dr. Richard Hillesheim on his own for treatment. Dr. Hillesheim later completed a Standard Form Medical Report (C-32), on which Mr. Quarles relied to prove the cause of his injuries. The report did not include Dr. Hillesheim's curriculum vitae or his medical records. It identified Mr. Quarles's injury as "left knee degenerative osteoarthritis." Dr. Hillesheim indicated Mr. Quarles's work was "primarily responsible"

---

[1] Although Mr. Quarles did not allege a specific work injury, he used November 8, 2016, for the date of injury.

1

for treatment but did not aggravate his pre-existing condition. However, the doctor also reported that Mr. Quarles's work activities primarily required treatment of the pre-existing condition.

FedEx denied that Mr. Quarles sustained a work-related injury, but rather his conditions arose due to non-work-related pre-existing conditions. It relied on Mr. Quarles's longstanding medical history, which included right shoulder surgery for rotator cuff impingement in 1998 that resulted in a permanent impairment with lifting restrictions.[2] It also relied on the fact that orthopedist Dr. W.H. Knight diagnosed Mr. Quarles with a right rotator cuff tear in 2011 and on records indicating Mr. Quarles's right-shoulder symptoms worsened after a minor auto accident in October 2015. Fed-Ex also relied on records indicating that Mr. Quarles continued to treat for ongoing symptoms of chronic osteoarthritis and weakness in his right shoulder, left knee, and right ankle first at Christ Community Health Services and then at Regional One before the alleged date of the work-relatedness of his conditions.

Following FedEx's denial of his claim, Mr. Quarles filed a Petition for Benefit Determination on October 23, 2017. He asked for a panel of physicians and temporary disability benefits for time off work due to his injuries.

## Findings of Fact and Conclusions of Law

### Standard Applied

At an Expedited Hearing, Mr. Quarles must come forward with sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2017).

### Causation

The central legal issue is whether Mr. Quarles presented sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits. The Court finds that he did not.

To prevail on causation, Mr. Quarles must establish he suffered an accidental injury that was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2017). An aggravation of a pre-

---

[2] Dr. Knight restricted Mr. Quarles' lifting to thirty to thirty-five pounds at MMI in 1999. However, Mr. Quarles asked him to remove the restrictions, which he did in 2001. Dr. Knight's records show "clarification" of right shoulder restrictions, which continued through the last note from Dr. Knight in 2011.

2

existing condition is only compensable to the extent that the aggravation "arose primarily out of and in the course and scope of employment." *Id.*

Mr. Quarles did not experience a specific incident at work that he could identify by time and place. So, the Court looks to the medical evidence to determine whether Mr. Quarles sustained a compensable aggravation as defined by the statutory language quoted above. To establish work-relatedness, Mr. Quarles must present expert medical evidence that the work incident "contributed more than fifty percent (50%)" in causing his need for medical treatment, meaning the work accident was more likely than not the cause, when considering all other potential causes. Tenn. Code Ann. § 50-6-102(14)(C)-(D); *Miller v. Lowe's Home Centers, Inc.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 40, at *13 (Oct. 21, 2015). The aggravation need not be permanent for Mr. Quarles to receive medical benefits. *Id.* at *18.

Dr. Hillesheim's C-32 offers the only suggestion of work-relatedness in evidence to contradict the fact that Mr. Quarles received years of treatment for osteoarthritis before the date he claimed workers' compensation benefits for his conditions. However, the Court gives little weight to Dr. Hillesheim's opinions for several reasons. First, Mr. Quarles did not provide the doctor's curriculum vitae with the C-32 and thus did not qualify the doctor to give a causation opinion. *See* Tenn. Code Ann. § 50-6-235(c). Moreover, he failed to introduce Dr. Hillesheim's medical records to establish a basis for his opinions. Since Dr. Hillesheim was not an authorized treating physician, his opinion is not entitled to a presumption of correctness. *See* Tenn. Code Ann. § 50-6-204(a)(3) (2017). In view of the above, the Court rejects Dr. Hillesheim's proffered opinions at this time.

For the above reasons, the Court holds Mr. Quarles did not come forward with sufficient evidence to establish he would prevail at a hearing on the merits regarding causation.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Quarles's claim against FedEx and its workers' compensation carrier for the requested benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on **June 18, 2018, at 9:30 a.m. Central Time.** You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED May 7, 2018.**

_____

**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Medical records from Regional One Health
2. Form C-32 Standard Form Medical Report for Industrial Injuries
3. Form C-20 Employer's First Report of Work Injury or Illness
4. Denial letter, dated June 8, 2017
5. Mr. Quarles' timesheets
6. Mr. Quarles' personnel records
7. Medical records from Christ Community Health Services
8. Personal testimony of Mr. Quarles
9. Emails between Mr. Quarles and adjuster Denise Musice
10. Form C-41 Wage Statement
11. UT Health Science documentation regarding Dr. Richard Hillesheim (Identification purposes only)

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing, with attached Affidavit of Keith Quarles
4. Order Denying Employee's Request for a Decision on the Record
5. Order Substituting Counsel for Employer

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the __7th__ day of May, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Keith Quarles, Employee | X | | X | 255 N. Lauderdale Memphis, TN 38105; kcq3@netzero.net |
| Byron Lindberg, Employer's Attorney | | | X | blindberg@hallboothsmith.com tthompson@hallboothsmith.com |

*Penny Shrum*

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

5



<u>Expedited Hearing Order Right to Appeal</u>:

       If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

**RFA #:** _____

**Date of Injury:** _____

**SSN:** _____

_____

**Employee**

_____

**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of
Board of Workers' Compensation Appeals on this the_____day of_____, 20__.


[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

    Groceries       $ _____ per month     Telephone    $ _____ per month

    Electricity      $ _____ per month     School Supplies $ _____ per month

    Water         $ _____ per month     Clothing     $ _____ per month

    Gas           $ _____ per month     Child Care   $ _____ per month

    Transportation  $ _____ per month     Child Support  $ _____ per month

    Car           $_____ per month

    Other        $ _____ per month (describe: _____ )

10. Assets:

    Automobile        $ _____     (FMV) _____

    Checking/Savings Acct. $ _____

    House           $ _____     (FMV) _____

    Other           $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____